UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY ETHERLY,

    Plaintiff,

v.

REHABITAT SYSTEMS OF
MICHIGAN, DAMON HUFFMAN,
and CAROL BENCE,

    Defendants.

Case No. 13-11360

Hon. Paul D. Borman
Mag. Judge Laurie J. Michelson

_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT [10]**

This is an employment discrimination case in which *pro se* Plaintiff Tammy Etherly alleges that her former employer Rehabitat Systems of Michigan and two of its executives, created a hostile work environment and ultimately terminated her because of her race. Plaintiff was granted *in forma pauperis* status and the Marshals Service was directed to serve the summons and complaint on the named Defendants. It appears that this effort at service consisted of sending a summons and complaint to each Defendant by certified mail. The docket indicates that service was not effectuated on the individual Defendants. It further indicates, however, that the corporate Defendant, Rehabitat Systems of Michigan, was served and that its answer was due on June 3, 2013. Unfortunately, the docket entry is in error as service of process by certified mail is not proper service on a Michigan corporation.

Presently before the Court for a Report and Recommendation is Plaintiff's Motion for Default Judgment based upon Defendants' alleged failure to answer or otherwise defend this matter. The Court has carefully considered the relevant briefing, pleadings, and service of process documents and will dispense with oral argument. *See* E.D. Mich. LR 7.1(f)(2). Plaintiff's Motion

misunderstands the effect of the notice from the United States Marshals regarding their effort to serve Defendants. Because Defendants have not yet been properly served, this Court **RECOMMENDS** that Plaintiff's Motion be **DENIED**.[1]

## I. BACKGROUND

According to Plaintiff's Complaint, Rehabitat Systems of Michigan ("Rehabitat") "is a business in Michigan, which provides comprehensive residential services specializing in the treatment of cognitively, physically and mentally impaired adults." (Dkt. 1, Compl, ¶ 1.)[2] Plaintiff, an African-American female, began working for Rehabitat on September 17, 2007. (*Id.*, ¶ 25.) Her general duties included food preparation and cooking, client bathing and grooming, transportation, housekeeping and laundry, and medication distribution. (*Id.*, ¶ 27.) Plaintiff alleges that "Defendants brought several disciplin[ary] actions against [her] on and after May 24, 2012 in an effort to build up reasoning which [would] warrant a wrongful discharge." (*Id.*, ¶ 32.) Plaintiff's employment was ultimately terminated on August 7, 2012 when she allegedly violated a company policy prohibiting employees from mixing chemicals. (*Id.*, ¶¶ 36, 92.) Plaintiff alleges she alerted the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission ("EEOC") of her wrongful discharge on November 13, 2012 and received a Right to Sue Letter from the EEOC on December 31, 2012. (¶¶ 95-96.) Plaintiff then brought this lawsuit against Rehabitat, its Chairman of the Board and Vice President Damon Huffman, and its President and Board member

---

[1] "Although not specifically listed in 28 U.S.C. 636(b)(1)(A), a motion for a default judgment has been found dispositive because it is 'substantially similar to several of the listed motions'" Victoria's Secret Stores v. Artco Equip. Co., 194 F. Supp. 2d 704, 714 (S.D. Ohio 2002) (quoting Callier v. Gray, 167 F.3d 977, 981 (6th Cir. 1999)).

[2] The company website identifies the full name as "Rehabitat Systems of MI, Inc." *See* http://www.rehabitatsystems.com/ (last visited July 3, 2013).

Carol Bence, alleging hostile work environment and wrongful termination based on race, as well as numerous other state law claims. (Dkt. 1.)

On May 3, 2013, District Judge Paul D. Borman granted Plaintiff's Revised Application to Proceed *In Forma Pauperis* and directed the Marshal Service to serve the summons and complaint. (Dkt. 5.) The Marshals Service acknowledged receipt of the service of process documents on May 6, 2013 (Dkt. 9) and mailed them (via certified mail) to Defendants on May 8, 2013. (May 8, 2013 Docket Entry.) May 29, 2013 docket entries advise that the summons was unexecuted as to Defendants Huffman and Bence because the "certified mail [was] unclaimed." (May 29, 2013 Docket Entries.) The docket further reflects that the summons was executed as to Rehabitat and that its answer was due on June 3, 2013. (*Id.*) While there is no Return of Service filed with the clerk, this Court was able to review the certified mail receipt indicating that someone at Rehabitat signed for the summons and complaint on May 13, 2013.

Based on the mistaken belief that the Marshal's May 8, 2013 mailing of the summons and complaint constituted service on Defendants, Plaintiff filed the present Motion for Default Judgment on May 31, 2013 because "no answer or other defense has been filed by the Defendants." (Dkt. 10, Mot. For Default J. at 2.) Plaintiff subsequently requested a clerk's entry of default for all Defendants. (Dkt. 15.) The request was denied as to Defendants Huffman and Bence because of "insufficient service of process" (Dkts. 17, 18), but granted as to Rehabitat on June 5, 2013 (Dkt. 16). To date, none of the Defendants have appeared in this action.

3

## II. ANALYSIS

### A. Default Judgment Requirements

Under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). *Hanner v. City of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, at *1 (E.D. Mich. July 14, 2008); *see also Hickman v. Burchett*, No. 07-743, 2008 WL 926609, at *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotation marks omitted, collecting cases)). Once a default has been entered by the clerk's office, all of the plaintiff's well-pleaded allegations are deemed admitted. *Cross*, 441 F. Supp. 2d at 846 (citing *Visioneering Constr. v. U.S. Fidelty and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Once a default is obtained, the proponent may file for default judgment by the clerk or by the court. Fed R. Civ. P. 55(b). When the plaintiff's complaint alleges damages for a sum certain, "the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages. *Id.*

Additionally, "[b]ecause a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Russell v. Tribley*, No. 2:10-cv-14824, 2011 U.S.

Dist. LEXIS 107335, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10, 2011) (collecting cases). Indeed, the Court "must determine whether it has personal jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). This requires "effective service of process" because "[w]ithout proper service of process, the district court is without jurisdiction to make an entry of default against a defendant . . . ." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, 229 F.3d 1153, 2000 WL 1257040, at *5 (6th Cir. 2000) (unpublished table decision) (citing 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682); *see also King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("without proper service of process, consent, waiver or forfeiture, a court may not exercise personal jurisdiction over a named defendant"); *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353-55 (6th Cir. 2004) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties . . . . Therefore, if service of process was not proper, the court must set aside an entry of default." (citations omitted)). Actual knowledge of a lawsuit does not cure a technically defective service of process. *LSJ Inv. Co., Inc. v. O.L.D. Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).

Here, this "prerequisite" of proper service has not been satisfied.

### B. Defendants Have Not Been Properly Served

Plaintiff is responsible for serving Defendants. Fed. R. Civ. P. 4(c)(1). Where, as here, a plaintiff has been authorized to proceed *in forma pauperis*, "the court may direct that service be effected by a United States Marshal." Fed. R. Civ. P. 4(c)(2). The docket makes clear that the Marshal sought to effectuate service by certified mail.

The Federal Rules of Civil Procedure, however, permit service on an *individual* by certified

mail. In particular, Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where the service is made." Pursuant to Michigan law, process may be served on an individual by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail." Mich. Ct. R. 2.105(A)(2). Here, however, according to the docket, the individual Defendants, Huffman and Bence, failed to claim or acknowledge receipt of the mailings and thus, they have not yet been served.

It is true that someone at Rehabitat acknowledged receipt of the certified mail, but different service rules apply to corporations. Under Federal Rule of Civil Procedure 4(h), a corporation may be served

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant;[]

Fed. R. Civ. P. 4(h)(1). By its terms, therefore, Rule 4(h)(1)(B) does not authorize service of process by mail; it requires mailing combined with personal service of the agent. *See Larsen v. Mayo Med. Or.*, 218 F.3d 863, 868 (8th Cir. 2000) (holding that "delivery" under Rule 4(h) requires personal service).

Rule 4(h)(1)(A) is also of no help to Plaintiff on this record. It references Rule 4(e)(1), and as mentioned, that rule provides for service of process by following state law. The language of the Michigan Court Rules, however, suggest that service on corporations, like Rehabitat, requires

6

personal service:

> (1) *serving* a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) *serving* a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation *and sending* a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) *serving* a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) *sending* a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Bureau if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D) (emphasis added).

Any remaining doubt is clarified by reading Mich. Ct. R. 2.105(D)(1) in conjunction with 2.105(D)(2). Together, the Rules make plain that "serving" is separate and distinct from "sending" by mail. As another court in this District recently summarized in recommending setting aside a clerk's entry of default:

> The governing state law, Michigan Court Rule 2.105(D)(1), does not permit service *by mail* on the registered agent, as made clear by

> reading subsection (D)(1) in conjunction with subsection (D)(2), which includes a registered mail provision. As District Judge Robert H. Cleland explained, Michigan law allows service on a corporation "by serving a summons and a copy of the complaint on an officer or the resident agent *personally* or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail." *Vasher v. Kabacinski*, 2007 U.S. Dist. LEXIS 6195, 2007 WL 295006, *2 (E.D. Mich. 2007) (emphasis added). And, as District Judge Victoria A. Roberts held, the "deliberate distinction" between subsection (D)(1) and subsection (D)(2) "suggests that the Michigan Supreme Court did not intend that the term 'serving' be interpreted as synonymous with 'mailing.'" *State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2007 U.S. Dist. LEXIS 2015, 2007 WL 127909, *4 (E.D. Mich. 2007). In this case, plaintiff only served the complaint by registered mail and thus, did not comply with either of the proper service options available for service of corporations under Rule 4(h) and Michigan law.

*Capaldi v. Am. Credit & Collections LLC*, No. 12-10254, 2012 U.S. Dist. LEXIS 184157, at *3-4 (E.D. Mich. Dec. 13, 2012), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 3233 (E.D. Mich. Jan. 9, 2013); *see also Adams v. Wilmington Finance/AIG*, 2012 U.S. Dist. LEXIS 98525 (E.D. Mich. Apr. 10, 2012) ("Federal Rule of Civil Procedure 4(h) does not envision service by mail as being a proper way of serving a corporation with a complaint and summons unless the law of the state in which the district court sits, or the law of the state in which service was effected, so permits . . . . Michigan law does not permit service of process to a corporation by mail alone, certified or otherwise. Mich. Court R. 2.105(D)."), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 98167 (E.D. Mich. July 16, 2012); *Bullington v. Corbell*, 293 Mich. App. 549, 809 N.W.2d 657 (2011) (analyzing Mich. Ct. R. 2.105(D) and 2.105(H) and concluding, "The [Michigan] Court Rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind [including an LLC]. Thus, as a matter of law,

plaintiff insufficiently served [defendants] by sending process through certified mail.").

In sum, the Marshal's mailing of the complaint and summons to Rehabitat's address in Auburn Hills, Michigan by certified mail was not proper service on Rehabitat and did not convey personal jurisdiction over the corporate Defendant. *See O.J. Distrib.*, 340 F.3d at 353. Thus, Rehabitat was not required to answer the Complaint and cannot be found in default for failing to timely do so. *Id.*; *Colbert v. Fannie Mae*, No. 12-13844, 2013 U.S. Dist. LEXIS 54475, at *44 (E.D. Mich. Apr. 16, 2013) ("Because service on [defendant] was improper, this Court cannot exercise personal jurisdiction over [them] absent waiver or consent.").

### III.  CONCLUSION

Because none of the Defendants have been served, the Court does not have personal jurisdiction over them and cannot enter the requested default judgment. However, "[a] party proceeding in forma pauperis is entitled to rely on the United States Marshals to effect proper service and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Garrett v. Miller*, No. 02-5437, 2003 U.S. Dist. LEXIS 5248, *10-11 (N.D. Ill. Apr. 1, 2003) (citations omitted). Thus, as in *Garrett*, this Court "determine[s] that additional assistance should be provided to [Plaintiff] to help [her] perfect service on [D]efendants." *Id.*

Accordingly, this Court RECOMMENDS that Plaintiff's Motion for Default Judgment be **DENIED**, the clerk's entry of default against Rehabitat be **DISMISSED**, and the Marshal be directed to attempt personal service on Defendants or to otherwise effectuate proper service.

9

## IV.    FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

        S/Laurie J. Michelson
        Laurie J. Michelson
        United States Magistrate Judge

Dated: July 8, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on July 8, 2013.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Laurie J. Michelson