UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY ETHERLY,

       Plaintiff,   Case No. 13-11360

                                                  Paul D. Borman
v.      United States District Judge

                                                  Laurie J. Michelson
REHABITAT SYSTEMS OF      United States Magistrate Judge
MICHIGAN, DAMON HUFFMAN,
and CAROL BENCE,

       Defendants.
_____/

ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S JULY 8, 2013 REPORT AND
RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND (2) DIRECTING SERVICE BY THE UNITED STATES MARSHAL

This matter is before the Court on Plaintiff's objection (ECF No. 26) to Magistrate Judge Laurie J. Michelson's July 8, 2013 Report and Recommendation to Deny Plaintiff's Motion for Default Judgment (ECF No. 25). A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Plaintiff's Objection, ADOPTS the Magistrate Judge's Report and Recommendation, and ORDERS the United States Marshal to effect proper service on the Defendants.

In this employment discrimination case, *pro se* Plaintiff was granted *in forma pauperis* status

and requested service of the summons and complaint by the United States Marshals. The Marshals attempted service by certified mail on the corporate Defendant, Rehabitat Systems of Michigan ("Rehabitat") and the individual Defendants, Damon Huffman and Carol Bence. Text-only Docket Entries on May 29, 2013 indicate that the Summons to Rehabitat was returned executed but the Summonses to Defendants Huffman and Bence were returned unexecuted as they were unclaimed. (May 29, 2013 Text-Only Docket Entries.) To date none of the Defendants has responded to the Complaint.

Plaintiff filed a motion for default judgment (ECF No. 10) and subsequently received a clerk's entry of default as to Rehabitat (ECF No. 16), but was denied clerk's defaults as to Huffman and Bence (ECF Nos. 17, 18.) This Court referred Plaintiff's motion for default judgment to Magistrate Judge Michelson, who issued her Report and Recommendation to Deny the Motion for Default Judgment on July 8, 2013. (ECF No. 25.) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are now before the Court.

In her objections, Plaintiff relies on Fed. R. Civ. P. 5, which governs the filing of papers and pleadings, not service of process, i.e. service of the summons and complaint. Service of process is governed by Fed. R. Civ. P. 4. Federal Rule of Civil Procedure 4(h) provides that service upon a corporation, partnership or association may be accomplished by (1) delivering a copy of the summons and complaint to an officer, managing agent or general agent, or any other agent authorized by appointment or law to receive service of process and by also mailing a copy of each to the defendant or (2) by any manner prescribed for individuals under Rule 4(e)(1), which allows for service pursuant to the law of the state in which the district court is located. *See* Fed. R. Civ. P. 4(h), (e). Michigan law allows service of process upon a corporation by serving a summons and a

copy of the complaint on an officer or the resident agent personally or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail, addressed to the principal of the office of the corporation. Mich. Ct. R. 2.105(D)(1), (2). *See Vasher v. Kabacinski*, No. 06-12287, 2007 WL 295006, at *2 (E.D. Mich. Jan. 29, 2007). The Magistrate Judge correctly concluded that Michigan law does not permit service on a corporation by mail alone, certified, registered or otherwise. Mailing must be accompanied by personal service of the agent.

Likewise, the Magistrate Judge properly concluded that individual Defendants Huffman and Bence were not properly served because neither of them acknowledged receipt of the certified mailings of the Complaint. Service on an individual is "made when the defendant acknowledges receipt of the mail." Mich. Ct. R. 2.105(A)(2).

The Court agrees with the Magistrate Judge that Plaintiff, who was granted *in forma pauperis* status and requested service by the United States Marshal, should not be penalized for the Marshal's failure to effect proper service of process. Accordingly, the Court DENIES Plaintiff's objection to the Report and Recommendation, ADOPTS the Report and Recommendation (ECF No. 25) and ORDERS the United States Marshal to attempt personal service on the Defendants or to otherwise effectuate proper service on the Defendants.

IT IS SO ORDERED.

          s/Paul D. Borman  
          PAUL D. BORMAN  
          UNITED STATES DISTRICT JUDGE

Dated: July 31, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 31, 2013.

                                                    s/Deborah Tofil
                                                    Case Manager