UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY ETHERLY,

        Plaintiff,                 Case No. 13-11360

                                        Paul D. Borman
v.                                        United States District Judge

                                        Laurie J. Michelson
REHABITAT SYSTEMS OF                United States Magistrate Judge

MICHIGAN, DAMON HUFFMAN,
and CAROL BENCE,

        Defendants.
_____/

OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE MICHELSON'S
MARCH 4, 2014 REPORT AND RECOMMENDATION (ECF NO. 51),
(2) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 52),
(3) GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION (ECF NO. 45) and
(4) DISMISSING AS MOOT PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
ANSWER AND AFFIRMATIVE DEFENSES (ECF NO. 44)

Before the Court are Plaintiff's Objections (ECF No. 52) to Magistrate Judge Michelson's March 4, 2014 Report and Recommendation (ECF No. 51). Defendants filed a Response to Plaintiff's Objections. (ECF No. 53.) This Court reviews *de novo* the portions of a report and recommendation to which valid objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court ADOPTS the Report and Recommendation, DENIES Plaintiff's Objections, GRANTS Defendants' Motion to Compel Arbitration and

DISMISSES AS MOOT Plaintiff's Motion to Strike Defendants' Answer and Affirmative Defenses.

## I.    BACKGROUND

The Magistrate Judge adequately summarized the background of this case in her March 4, 2014 Report and Recommendation and the Court adopts that summary here. (ECF No. 51, Report and Recommendation 2-5.)

## II.   STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir. 1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

## III.   ANALYSIS

Plaintiff's objections fail to specify the parts of the Magistrate Judge's Report to which she objects or to explain how the Magistrate Judge erred. This failure is basis enough to deny her Objections. Even were the Court to generously construe her Objections as alleging that the Magistrate Judge erred in concluding that there had not been a waiver by the Defendants of their right to enforce the arbitration clause, the Court would deny the Objection and would conclude that the Magistrate Judge correctly found that there had not been a waiver by the Defendants. "An agreement to arbitrat[e] may be 'waived by the actions of a party which are completely inconsistent with any reliance thereon.'" *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 574 (6th Cir. 2003) (quoting *Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002) (alteration added)). Although the Magistrate Judge noted some procedural posturing by the Defendants prior to their actual demand for arbitration, the Sixth Circuit has concluded that such posturing does not amount to a waiver where, as here, there has been a consistent reference to the arbitration provision and an invocation of that

3

provision early in the litigation. *Highlands Wellmont*, 350 F.3d at 574 (finding an initial refusal to engage in alternative dispute resolution to be nothing more than "the typical posturing that may occur where one party is attempting to "stare down" the other party in the hope that the other party will simply give up"). Plaintiff makes no effort to distinguish *Highlands Wellmont*, on which the Magistrate Judge relied in her Report, and cites to no evidence of action taken by Defendants' that was "completely inconsistent" with their intent to rely on the arbitration provision. Indeed, Defendants have consistently referred to the arbitration agreement. Nor has Plaintiff provided evidence of "actual prejudice" sufficient to sustain her conclusory claim of prejudice. The Court finds that Magistrate Judge Michelson correctly concluded that Defendants did not waive their right to enforce the parties' agreement to arbitrate.

## IV.   CONCLUSION

Accordingly, the Court DENIES Plaintiff's Objections, ADOPTS Magistrate Judge Michelson's March 4, 2014 Report and Recommendation (ECF No. 51), GRANTS Defendants' Motion to Compel Arbitration and Dismiss (ECF No. 45), and DISMISSES Plaintiff's Motion to Strike Defendants' Answer and Affirmative Defenses as MOOT.

IT IS FURTHER ORDERED that, in lieu of staying the proceedings, this case is dismissed without prejudice to the parties' right to move to re-open this case for entry of an arbitration award or for any other relief to which the parties may be entitled.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  June 6, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 6, 2014.

                                            s/Deborah Tofil
                                            Case Manager