UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY ETHERLY,

      Plaintiff,

v.

REHABITAT SYSTEMS OF
MICHIGAN, DAMON HUFFMAN,
and CAROL BENCE,

      Defendants.
_____/

Case No. 13-11360

Paul D. Borman
United States District Judge

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 56)

On June 6, 2014, this Court entered an Order granting Defendant's motion to compel arbitration and entered Judgment dismissing this action without prejudice. (ECF No. 54 Opinion and Order and ECF No. 55 Judgment). On November 20, 2015, nearly one and half years after the Court entered its Order and Judgment, Plaintiff filed the motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) that is presently before the Court, citing "newly discovered evidence." (ECF No. 56, Motion for Relief From a Judgment or Order Pursuit [sic] to Fed. R. Civ. P. 60(b).) Because Plaintiff's motion is untimely and because, in any event, she fails to cite "newly discovered evidence" as contemplated by Rule 60(b)(2), the Court DENIES the motion.

Fed. R. Civ. P. 60(b) authorizes a district court to exercise its discretion to grant relief from a final judgment or order only for one of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A district court does not have discretion to extend [this] period of limitation. . . ." *See Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008) (citing *Smith v. Sec'y of Health & Human Servs.*, 776 F.2d 1330, 1332–33 (6th Cir. 1985) and Fed. R. Civ. P. 6(b) which provides that a district court "must not extend the time to act under Rule[] . . . 60(b)).

Plaintiff filed her motion seeking relief under Fed. R. Civ. P. 60(b)(2) on November 20, 2015, well over one year after this Court entered its Order and Judgment on June 6, 2014. This Court is without discretion to extend the time period for seeking relief under Rule 60(b)(2) and therefore, for this reason alone, the Court DENIES Plaintiff's motion.

Even were the Court to consider the motion timely (which the Court is without discretion to do) the "evidence" on which Plaintiff seeks to rely in her motion, *i.e.* the Defendant's failure to take action to commence arbitration following the Court's June 6, 2014 Order and Judgment, is not evidence of the type contemplated by Fed. R. Civ. P. 60(b)(2). Defendant's alleged "inaction"

following this Court's entry of final Judgment on June 6, 2014, is not "evidence" that was in existence at the time the Court issued its June 6, 2014 Order and Judgment. The Sixth Circuit "follows the 'well-conceived rule that newly discovered evidence for motions under . . . Rule 60(b)(2) must pertain to evidence which existed at the time of trial.'" *Nat'l Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc.*, No. 05-2479, 06-2538, 2007 WL 2733336, at *8 (6th Cir. Sept. 19, 2007) (finding that the alleged "newly discovered evidence" must have been in existence at the time the district court granted the motion for summary judgment). *See also Davis by Davis v. Jellico Comm. Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) (observing "the well-conceived rule that newly discovered evidence for motions under Rule 59 or Rule 60(b)(2) must pertain to evidence which existed at the time . . . final judgment has been entered."). Plaintiff's proffered evidence of Defendant's failure to initiate arbitration proceedings post-Judgment in this case was not "in existence" at the time this Court entered its Order granting Defendant's motion to compel arbitration and entering final Judgment, and therefore is not the type of evidence contemplated by Rule 60(b)(2).

In her Reply to Defendant's Response, Plaintiff appears to rely on other "evidence," *i.e.* that Defendant allegedly failed to respond to Plaintiff's request for mediation/arbitration throughout 2012 and 2013, prompting her to file this Title VII action. This evidence, were the Court to consider Plaintiff's motion timely (which it is without discretion to do), is patently not "newly discovered" and thus also would fail to qualify as the type of evidence contemplated by Fed. R. Civ. P. 60(b)(2).

Finally, in her Reply, Plaintiff makes reference to the Court's discretion to reopen her case under the "residual provision" of Fed. R. Civ. P. 60(b)(6). Although Plaintiff did not rely upon Rule 60(b)(6) in her motion, it is of no avail to her in this instance. It is well established that "a Rule 60(b)(6) motion 'must be based on some reason other than those stated in clauses (1)-(5).'" *Smith*

3

*v. Sec'y of Health and Human Servs.*, 776 F.2d 1330, 1333 (6th Cir. 1985). "[I]t is well settled that [a plaintiff] cannot circumvent the one year limitation by invoking the residual clause (6) of Rule 60(b)." *Id*. This is precisely what Plaintiff attempts to do here, invoking Rule 60(b)(6) only in response to Defendant's well-placed argument that her motion under Rule 60(b)(2) is untimely. Plaintiff articulates no basis for her motion apart from her assertion, grounded in Rule 60(b)(2), that Defendant has failed to take the initiative in commencing the arbitration of her claims.[1] Only the most "extraordinary circumstances" support granting relief under the residual exception in Fed. R. Civ. P. 60(b)(6). *Smith*, 776 F.2d at 1333. Plaintiff's Rule 60(b)(6) reference seeks only to avoid the time strictures of Rule 60(b)(2) and she offers no proof of "extraordinary circumstances" here.

Because Plaintiff's motion under Fed. R. Civ. P. 60(b)(2) is untimely, and because that time limitation is jurisdictional and this Court is without discretion to extend it, Plaintiff's motion is DENIED. Even were the motion timely, Plaintiff's proffered evidence is not the type of "newly discovered evidence" contemplated by Rule 60(b)(2). Finally, Plaintiff's reactionary invocation of the residual exception in Rule 60(b)(6) is a blatant effort to avoid the strict time limitation imposed on motions under Rule 60(b)(2) and, in any event, she offers no evidence of an "extraordinary circumstance" that would justify relief under that residual exception.

Accordingly, Plaintiff's Motion for Relief From Judgment is DENIED.

IT IS SO ORDERED.

Dated: JAN 0 6 2016

Paul D. Borman
United States District Judge

---

[1] Notably, Plaintiff fails to cite any portion of this Court's June 6, 2014 Opinion and Order granting the Defendant's motion to compel arbitration that squarely placed the onus on either Plaintiff or Defendant to commence arbitration of her claims.